UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Gary LaBarbera, Lawrence Kudla, Thomas
Gesualdi, Paul Gattus, Theodore King,
Chester Broman, Frank Finkel, and
Joseph Ferrara,

                       Plaintiffs,      CV-03-1762 (CPS)

    - against -                    MEMORANDUM
                                                  OPINION AND
Dasgowd, Inc., Irondequoit Corp.,      ORDER
Norelli & Oliver Construction Co., Inc.,
Satisfied Trucking, and Vidago
Construction Corp.,

                       Defendants.

----------------------------------------X

SIFTON, Senior Judge.

     On April 8, 2003, plaintiffs, the Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (the "Funds") commenced this action against Dasgowd Inc., Irondequoit Corp., Norelli & Oliver Construction Co., Inc., Vidago Construction Corp., and Satisfied Trucking to recover payments for unpaid pension contributions pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 et. seq.[1] Plaintiffs sought to enforce the terms of a Trust Agreement entered into between plaintiffs and each defendant pursuant to §502(A)(3) of ERISA, 29 U.S.C. §1132(a)(3) and

---

[1] The action against defendant Dasgowd, Inc. was dismissed without prejudice on September 12, 2003.

Sections 209(a) and 515 of ERISA, 29 U.S.C. §§1059(a) and 1145, and collect payments alleged to be owed to the Funds under the terms of various collective bargaining agreements between defendants and the Teamsters Local 282 of the International Brotherhood of Teamsters.

On November 20, 2004, plaintiffs entered into a settlement agreement with defendant Satisfied Trucking, requiring Satisfied Trucking to pay $150,000 over the course of thirty months. The same day, plaintiffs also entered into an agreement with Daryl Soltau, President of Satisfied Trucking, who personally guaranteed to pay the settlement amount in the event that Satisfied Trucking defaulted on the settlement; Soltau has never been named as a defendant in this action. Now before this Court is plaintiffs' motion to enforce Soltau's personal guarantee. For the reasons set forth below, plaintiffs' motion is denied for lack of subject matter jurisdiction.

**Background**

The following facts are drawn from plaintiffs' Complaint and submissions in connection with this motion. Neither Satisfied Trucking or Soltau has filed an papers in opposition.

On December 1, 2003, The Clerk of the Court noted the default of Irondequoit, Norelli and Vidago, who failed to appear or otherwise defend in this action. On August 25, 2004, default was noted as to Satisfied Trucking. This Court then consolidating plaintiffs' motion for default judgment against

defendants Irondequoit, Norelli and Vidago with the motion filed against Satisfied Trucking and referred the matter to Magistrate Judge Go for determination of the amount of damages.

Before that inquest for damages was concluded, the settlement agreement between plaintiffs and Satisfied Trucking was signed. In late 2004, Satisfied Trucking remitted an initial payment of $10,000 but has failed to remit further payment as required under the settlement agreement. Plaintiffs apparently last contacted Satisfied Trucking in January 2005, alerting it to the default and requesting payment. According to plaintiffs, Satisfied Trucking's assets appear to have disappeared and, accordingly, they must now look to Soltau's personal guarantee for payment.

This Court issued an Order to Show Cause on March 19 which was mailed by the Clerk's office to Soltau and also served on Satisfied Trucking that same day. No responses have been received.

**Discussion**

For a question to properly be before a federal court, that court must have both subject matter and personal jurisdiction. Even when the parties have not themselves raised the issue, jurisdiction is a threshold issue which the court must address. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997).

Subject matter jurisdiction requires the existence of a

'federal question' or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In the present motion to enforce a personal guarantee attached to a settlement agreement, nothing in the papers submitted to this Court allows me to find that subject matter jurisdiction has been properly established. Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction. *See Fidelity Mut. Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago,* 1994 WL 14635, *2 (N.D.Ill. 1994) ("Before a court will enforce a settlement agreement, the traditional elements of a contract must be met."). As the Supreme Court has stated, "federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604 n.7 (2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)); *see also McKay v. U.S.,* 2006 WL 3291757, *1 (10th Cir. 2006) ("Once a lawsuit is settled and dismissed, the district court does not generally have ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement.") (internal citations and

quotations omitted). In this case, the parties signed a settlement agreement which they never presented to the Court, and this Court never ordered dismissal or retained any sort of jurisdiction over the settlement agreement. Nor has plaintiff presented anything indicating that diversity jurisdiction would apply either. Accordingly, this contract claim must be dismissed for lack of subject matter jurisdiction.[2]

## Conclusion

For the reasons set forth above, plaintiffs' motion is denied for lack of subject matter jurisdiction. The Clerk is directed to furnish a copy of the within to the parties and to the Magistrate Judge.


SO ORDERED.


Dated :   Brooklyn, New York
          May 22, 2007


                By: /s/ Charles P. Sifton (electronically signed)
                                    United States District Judge

---

[2] Plaintiffs cite no cases enforcing a settlement agreement against a non-party where an action was not first commenced independently against that non-party, giving him or her a full opportunity to litigate the claim. Plaintiff may, however, initiate a new action against a guarantor to enforce a guarantee. *See Chase Manhattan Bank v. Rood,* 698 F.2d 435 (11th Cir. 1983) (action to recover on a personal guaranty of a loan); *Ampex Credit Corp. v. Bateman,* 554 F.2d 750 (5th Cir. 1977) (action to recover on guarantee on equipment sales contract); *Design & Development, Inc. v. Vibromatic Mfg., Inc.,* 58 F.R.D. 71 (E.D.Pa. 1973) (action to recover against guarantors to settlement agreement).